GARRISON, Judge.
This is an appeal from the judgment of the district court issuing a stay order. The stay order encompasses Good Hope Refineries’ suit against the Oil, Chemical, & Atomic Workers, Local 4-447 for damages and the union’s suit against Good Hope for defamation. The trial court stayed both actions pending the conclusion of hearings before the National Labor Relations Board. Both suits, as well as the N.L.R.B. hearings, deal with actions and omissions that allegedly occurred during or in connection, with a strike. From that judgment, Good Hope appeals.
Article 532 of the Code of Civil Procedure provides as follows:
“When a suit is brought in a Louisiana court while another is pending in a court of another state or of the United States on the same cause of action, between the same parties in the same capacities, and having the same object, on motion of the defendant or on its own motion, the court may stay all proceedings in the second suit until the first has been discontinued or final judgment has been rendered.” (emphasis added)
On appeal, the standard of review to be applied is whether the trial judge clearly abused his discretion in staying the proceedings. We cannot conclude that a clear abuse of discretion has occurred.
Good Hope contends that the N.L. R.B. has jurisdiction only over labor disputes between the union and Good Hope and does not have jurisdiction over damages and acts of violence. These are jurisdictions which are reserved to the trial court. According to Good Hope, the trial judge erred when he concluded: “Firstly, this court does have jurisdiction to hear damage action ... . ” On the other hand the trial court concluded that the actions before it “has been pre-empted by the N.L.R.B.. . .
*344 Good Hope’s brief points out that where litigation involves conduct marked by violence, imminent threats of violence or destruction of property, those tort actions are not preempted by N.L.R.B. We do not agree. We are in accord with the Union’s contention that the complaints and issues before the N.L.R.B. are similar to those before the trial judge. The trial judge properly stayed proceedings pending the outcome before the N.L.R.B.
We find that Judge Bradley acted reasonably in staying these proceedings pending action by the National Labor Relations Board and that no abuse of discretion has occurred.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.